981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph W. FAIR and Jane Doe Fair, husband and wife,
Plaintiffs-Appellants,
v.
WASHINGTON WATER POWER COMPANY, a Washington corporation,
Defendant-Appellee.
 No. 90-35370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph W. Fair appeals pro se the district court's grant of summary judgment in favor of defendant Washington Water Power Company (WWP) on Fair's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34. Fair contends that WWP's early retirement option plan (ERO) was a subterfuge to force older workers to leave their jobs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 4
 A retirement plan violates ADEA if it is "a subterfuge to evade the purposes of [ADEA]." 29 U.S.C. § 623(f)(2). To establish a violation of ADEA, a plaintiff must prove that a "discriminatory plan provision actually was intended to serve the purpose of discriminating in some nonfringe-benefit aspect of the employment relation." Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 180-81 (1989) (examples of proof of discriminatory intent include (1) a plan formulated to retaliate against an employee who has filed age-discrimination complaints, and (2) "an employer's decision to reduce salaries for all employees while substantially increasing benefits for younger workers"); see also American Ass'n of Retired Persons v. Farmers Group, Inc., 943 F.2d 996, 1000, 1002 (9th Cir.1991) (denial of service and salary credits to employees over age 65 showed discriminatory intent), cert. denied, 112 S.Ct. 937 (1992).
 
 
 5
 Here, beginning in August 1987, WWP's ERO offered workers between the ages of 55 and 62 financial incentives to retire early. An early retirement penalty of four percent per year reduction in pension benefits was eliminated, and the workers who retired received $600.00 per month until they became eligible for social security at age 62. Fair was over 62 and therefore not eligible for the ERO.
 
 
 6
 Fair contends that WWP intended the ERO to force employees over the age of 62 to leave their jobs. According to his deposition, he retired on August 31, 1988, because he was moved to the bottom of the overtime list, was refused severance pay granted to others, and knew he "wasn't going to get anywhere." As the district court found, plaintiffs failed to show that the ERO resulted in a reduction or denial of benefits to them. The district court properly found that Fair's deposition did not establish WWP's intent to discriminate. See Betts, 492 U.S. at 181; Farmers Group, Inc., 943 F.2d at 1000. Accordingly, we affirm the summary judgment in favor of WWP.
 
 
 7
 Fair also contends that the Older Workers Benefit Protection Act, Pub.L. No. 101-433, 104 Stat. 978 (1990), which amended ADEA to overrule Betts, applies to him. See id. at § 101 (ADEA prohibits age-based reductions in employee benefit plans unless the reductions are "justified by significant cost considerations"). This contention lacks merit because the Act is not retroactive. See id. at § 105; see also Farmers Group, Inc., 943 F.2d at 1000 n. 6 (Betts applies retroactively).
 
 
 8
 We decline to award attorney fees to WWP pursuant to Fed.R.App.P. 38.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3